## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re  AMERICAN HOME MORTGAGE SERVICING, INC.

Debtor

Case No.  07-11050

Chapter  11

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | No | 1 | $0.00 | | |
| B - Personal Property | No | 14 | $318,658,120.82 | | |
| C - Property Claimed As Exempt | No | | | | N/A |
| D - Creditors Holding Secured Claims | No | 3 | | $2,724,490,726.00 | |
| E - Creditors Holding Unsecured Priority Claims | Yes | 7 | | $254,479.47 | |
| F - Creditors Holding Unsecured Nonpriority Claims | No | 5 | | $7,696,906.69 | |
| G - Executory Contracts and Unexpired Leases | No | 7 | | | |
| H - Codebtors | No | 6 | | | |
| I - Current Income of Individual Debtor(s) | No | | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | | | | N/A |
| Total Number of Sheets of ALL Schedules | | 43 | | | |
| Total Assets | | | $318,658,120.82 | | |
| Total Liabilities | | | | $2,732,442,112.16 | |

## GLOBAL NOTES TO AMENDED SCHEDULES OF ASSETS AND LIABILITIES

In reviewing these Amended Schedules, please refer to the Global Notes to Schedules of Assets and Liabilities filed with the Debtor's Schedules of Assets and Liabilities on October 5, 2007.

Furthermore, certain of the scheduled claims reflected in these Amended Schedules may have been fully or partially satisfied pursuant to the *Order (A) Authorizing , but not Directing, the Debtors to (I) Pay Certain Pre-Petition Wages, Compensation and Employee Benefits; and (II) Continue Payment of Wages, Compensation and Employee Benefits in the Ordinary Course of Business; and (III) Pay Certain Unpaid Compensation to Terminated Employees; and (B) Authorizing and Directing Applicable Banks and Other Financial Institutions to Process, and Pay All Checks Presented for Payment and to Honor All Fund Transfer Requests Made by the Debtors Relating to the Foregoing* [D.I. 69] dated August 7, 2007 (the "Employee Wage Order"). Scheduled claims that have been fully satisfied pursuant to the Employee Wage Order or otherwise are denoted herein by Footnote 1 and scheduled claims that have been partially satisfied, if any, are denoted herein by Footnote 2.[1]

---

[1] Concurrently with the filing of these Amended Schedules, Steven D. Sass, as liquidating trustee for the plan trust established pursuant to the *Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* (the "Plan") in connection with the chapter 11 cases of the American Home Mortgage Holdings, Inc. and its affiliated debtors, filed the *Motion of the Plan Trustee for an Order Authorizing Claims Agents to Reflect Certain Claims that have been Satisfied as Paid in Full or in Part.*

# AMENDING

In re  **AMERICAN HOME MORTGAGE SERVICING, INC.**

Debtor

Case No.  **07-11050**

(if known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Repeat this total also on the Summary of Schedules.

☐  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)**

☐  **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

☑  **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,000* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3), as amended by § 1401 of Pub L. 109-8.

☐  **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐  **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to a maximum of $4,925* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐  **Deposits by individuals**

Claims of individuals up to $2,225* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(6).

☐  **Alimony, Maintenance, or Support**

Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507(a)(7).

☐  **Taxes and Other Certain Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in  11 U.S.C. § 507(a)(8).

☐  **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

* Amounts are subject to adjustment on April 1, 2007, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

# AMENDING

In re  **AMERICAN HOME MORTGAGE SERVICING, INC.**                    Case No.  **07-11050**
_____
                            Debtor                                                    (if known)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, ADN ACCOUNT NUMBER (See instructions.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Alvarez, Danita | | | **Addition**<br>EMPLOYEE CLAIMS | | | | $897.38 | $897.38 |
| ACCOUNT NO.<br>Cody, Danielle C | | | **Addition**<br>EMPLOYEE CLAIMS | | | | $347.31 | $347.31 |
| ACCOUNT NO.<br>Makary, Linda | | | **Amended**<br>EMPLOYEE CLAIMS | | | | $5,136.92 [1] | $5,136.92 |
| ACCOUNT NO.<br>Shults, Lynley | | | **Addition**<br>EMPLOYEE CLAIMS | | | | $1,346.15 | $1,346.15 |
| ACCOUNT NO.<br>Strait, Michael W | | | **Addition**<br>EMPLOYEE CLAIMS | | | | $346.15 | $346.15 |
| ACCOUNT NO.<br>Warren, Kenoria | | | **Amended**<br>EMPLOYEE CLAIMS | | | | $1,452.00 | $1,452.00 |

[1] This schedule has been fully satisfied.

Sheet no. 2 of 2 sheets attached to Schedule of
Creditors Holding Unsecured Priority Claims

| | |
|---|---|
| Subtotal<br>(Total of this page) | $9,525.91 |
| Total<br>(Use only on the last page of the completed Schedule E) | $9,525.91 |

(Report total also on Summary of Schedules

In re  **AMERICAN HOME MORTGAGE SERVICING, INC.**                    Case No.  **07-11050**

                          Debtor                                                                (if known)

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION

I Steven D. Sass, the Plan Trustee of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, and that they are true and correct to the best of my knowledge, information, and belief.

Date  12/3/2012                          Signature \S\

                                               Steven D. Sass
                                               (print or type name of individual signing on behalf of debtor)

                                               Plan Trustee
                                               (indicate position or relationship to debtor)

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. § 152 and 3571.